(SUPREME COURT.)

Judah <em>against</em> Randal.

Under a policy on a chariot, " free from average," but in which jettisons make one of the perils insured against, if the box of the chariot be thrown overboard in a storm, it is a total loss, and the insured entitled, on abandoning, to recover as such, though the carriage be on deck.

THIS was an action on a policy of insurance in the usual form, but free from average, on a chariot to be carried on deck.

On the voyage the box was thrown overboard in a storm to lighten the vessel ; she afterwards arrived safe with the remaining parts of the chariot.

It appeared the box is ordinarily estimated at two-thirds of the price of the whole chariot. Verdict for the plaintiff, as for a *total* loss of the chariot, subject to the opinion of the court on the following question :

" Whether there hath been such a loss as to make the insurer liable ? if so the verdict to stand ; if not, to be set aside, and the defendant to take judgment as in case of nonsuit."

*Per Curiam*, delivered by BENSON, J. The very statement of the question implies it to be admitted by the parties, and which is certainly the case, that the only question between them is, whether the loss is to be deemed a *total* loss, or only a *partial* or *average* loss of the chariot ? By the express terms of the policy, jettison was one of the perils which the insurer took upon himself ; but at the same time the insurance being also expressly *free of average*, the jettison must not be a *partial* or *average* loss only, but must amount to a *total* loss of the *thing* insured, so that the inquiry (and which is impliedly admitted in the question submitted to the court as stated between the parties) is, had the plaintiff a right to abandon to the defendant the remaining parts of the chariot which were saved, and sue as for a *total* loss ? My opinion is, that he had.

The part lost exceeded more than half the value of the *whole* chariot, the *thing* insured. The box being lost, the chariot cannot, with any propriety, be considered so to have arrived *in specie* as that it required to be *repaired* only to have again become a *whole* chariot. With respect to a chariot and every other wheel-carriage having a box, the seats for the persons to be conveyed, wheels, the perch with the axle-trees, springs and other parts affixed to it, and the pole or shafts are sometimes *collectively* denominated the *carriage-part*, as distinguished from the *box* and *its* immediate fixtures. If a wheel, or any other part of the *carriage-part* should be lost, or be so

injured, as to be wholly unserviceable, and therefore a *new* part become necessary in the place of the part so lost or injured, the chariot would be said to be *repaired* only, but if the box should be lost, or be so injured, it could not, with propriety, be said that the chariot was *repaired* by a *new* box, it would be considered as a *new* chariot, but that the *old carriage part* was made to serve. The case of a vessel, put by the plaintiff's counsel, is perfectly analogous and just. There may, as between *insured* and *insurer*, be a *total* loss of the vessel, although *all* the spars, sails and rigging may be saved. A new hull may be built and designedly of a form and burthen so as to be adapted to the spars, sails and rigging saved without any alteration in them, and be fitted out with them accordingly. This would not restore the identity of the *vessel lost ;* as by the loss of the *hull* the vessel is lost ; so by the loss of the *box* the chariot ceased to exist in specie.

Judgment for the plaintiff.